IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADAM ROBINSON | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:20-cv-1893-PX |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY | * | |
| | * | |
| Defendant. | | |
| | *** | |

## **MEMORANDUM OPINION**

Pending in this Title VII dispute is a motion to dismiss the Complaint for lack of venue filed by Defendant United States Department for Homeland Security ("Homeland Security"). ECF No. 4. The Court specifically notified Plaintiff Adam Robinson ("Robinson") of his right to respond to the motion. ECF No. 5. Robinson has filed no response, and the time to do so has long since passed. Finding no need for a hearing, *see* Loc. Rule 105.6, and for the reasons stated below, the motion is granted.

**I.     Background**

The Court construes the Complaint facts as true and most favorably to Robinson.[1] In 2018, Robinson had been employed with the Department of Homeland Security Office of Inspector General. ECF No. 1 at 9. That year, Robinson had been placed on a performance improvement plan which he avers imposed harsher job-related requirements on him than on his white female counterpart. *Id.* When Robinson filed an EEOC Complaint regarding this disparate treatment, he was fired. *Id.*

---

[1] *See Brito v. Major Energy Elec. Servs., LLC,* No. ELH-20-0230, 2021 WL 1060283, at *10 (D. Md. Mar. 18, 2021).

On June 23, 2020, Robinson filed suit in this Court. A month later, he filed nearly identical claims in the United States District Court for the District of Columbia. *See* ECF No. 4-3. The case remains pending in that district. *See Robinson v. Department of Homeland Security Office of Insp. General*, No. CRC-20-2021, ECF No. 1 (D.D.C. July 20, 2020).

On November 2, 2020, Homeland Security moved to dismiss the Complaint in this case pursuant to Federal Rule of Civil Procedure 12(b)(3) for lack of venue. ECF No. 4. For the following reasons, the Court agrees that venue is not proper in Maryland, and because Robinson is pursuing the same claims in the District of Columbia, dismissal is warranted.

**II.     Analysis**

Title VII includes its own specific venue provision, which states that a claim may be filed in (1) any judicial district in the state where the unlawful employment practice is alleged to have been committed; (2) the district where the employment records relevant to the unlawful practice are maintained and administered; or (3) the district where the plaintiff would have worked but for the unlawful practice. 42 U.S.C. § 2000e-5(f)(3). Alternatively, if the defendant "is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." *Id.* The plaintiff bears the burden of making prima facie showing that venue is proper. *See Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 365–66 (4th Cir. 2012). To ascertain proper venue, the Court may consider evidence outside the pleadings. *Id.* When venue is improper in this district, the Court retains discretion either to dismiss the action or transfer the case to the district where the action could have been brought if doing so furthers the interests of justice. *See* 28 U.S.C. § 1406(a)*; see also Estate of Bank v. Swiss Valley Farms Co.*, 286 F. Supp. 2d 514, 521–22 (D. Md. 2003); *Government of Egypt Procurement Office v. M/V Robert E. Lee*, 216 F. Supp. 2d 468, 473 (D. Md. 2002).

When viewing the Complaint facts most favorably to Robinson, nothing supports that venue is proper in Maryland.  ECF No. 1.  Robinson nowhere avers that he worked in Maryland or that records were kept in Maryland.  *Id.*  Nor does Robinson dispute the veracity of the sworn declaration submitted by Homeland Security affirming that Robinson had physically worked for the agency and his employment records were stored in the District of Columbia.  *See* ECF No. 4-2.  The Court, therefore, concludes that venue is proper in the District of Columbia, not Maryland.  Further, because Robinson is actively litigating the identical claims in the District of Columbia, dismissal of this case for lack of venue is indeed the proper remedy.

### III.    Conclusion

Based on the foregoing, the Court GRANTS the motion to dismiss for lack of venue (ECF No. 4).  The Complaint is hereby DISMISSED without prejudice to the action currently pending in the District of Columbia.

4/06/2021
Date

/s/
Paula Xinis
U.S. District Court Judge